CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JAN 07 2009
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JOHN H. MATTHEWS, JR. | ) | CASE NO. 4:08CV00015 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | By: B. Waugh Crigler |
| of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 1, 2006 applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision issued on May 17, 2007, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, September 23, 2005, and that he was insured for benefits through March 31, 2007[1]. (R. 20.) The

---

[1] In order to qualify for disability insurance benefits, plaintiff must establish that he became disabled prior to the expiration of his insured status, March 31, 2007. See 20 C.F.R. § 404.131(a). Therefore, any evaluation of the plaintiff's disability following that date relates solely

Law Judge determined plaintiff had severe impairments, but he did not have an impairment or combination of impairments which met a listed impairment.[2] (R. 20, 26.) The Law Judge found that plaintiff, a younger person[3], had the residual functional capacity ("RFC") to perform a wide range of sedentary work which allows for an alternate sit/stand option to change positions as needed. (R. 27.) It was found plaintiff can't crouch, crawl, or climb ladders, and he should avoid hazards, such as moving machinery and unprotected heights. (*Id.*) However, plaintiff can stand/walk about two hours in an eight-hour workday, and he can sit up to six hours in an eight-hour workday. (*Id.*) Moreover, plaintiff is limited to occasionally climbing stairs, balancing, stooping, and kneeling, but he has no other significant manipulative, visual, communicative, or environmental limitations. (*Id.*) The Law Judge concluded this RFC precluded plaintiff from performing his past relevant work ("PRW")[4], but that other jobs exist in significant numbers in the national economy that he could perform[5]. (R. 30-31.) Thus, the Law Judge ultimately found he was not disabled. (R. 31.)

---

to his claim for SSI benefits.

[2]The Law Judge found that plaintiff's musculoskeletal disorders, in combination with his obesity, constituted a severe impairment. (R. 25.)

[3]Plaintiff was born on September 3, 1964 and was forty-two years old at his hearing before the Law Judge. (R. 30, 409.) Under the regulations, an individual less that fifty years old is a "younger person." 20 C.F.R. §§ 404.1563(c) and 416.963(c).

[4]Plaintiff's PRW consists of work as a carpenter, truck driver, and retail store owner. (R. 409-410.) Plaintiff's jobs as a foreman and a lead carpenter were skilled, heavy exertional work; his job as a truck driver was semi-skilled, heavy exertional; and his job as retail store owner was semiskilled and performed by him at a heavy exertional level. (R. 410.)

[5]The Law Judge noted that the vocational expert ("VE") testified that the following sedentary jobs were representative of positions found in significant numbers in the national economy that someone with plaintiff's RFC could perform: cashier, security monitor/surveillance person, and telemarketer. (R. 31, 412-413.)

2

Plaintiff appealed the Law Judge's May 17, 2007 decision to the Appeals Council. (R. 6-9.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 6-7.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In a brief filed in support of his motion for summary judgment, plaintiff initially argues that the Commissioner failed to consider the functional effects of his obesity. (Pl's Brief, pp. 13-16.) Specifically, plaintiff contends that the Law Judge did not properly consider the exacerbating effects of his obesity on his other conditions. (Pl's Brief, p. 15.) Moreover, plaintiff argues that the Law Judge failed to perform an explicit analysis of his obesity when determining his RFC, especially in light of evidence showing his obesity significantly impacts his ability to sit, stand, walk, and lift weight. (Pl's Brief, pp. 15-16.)

Although obesity is no longer a listed impairment, it still is considered a "medically determinable impairment," the effects of which must be considered when evaluating disability, including the severity of an individual's impairments. Social Security Ruling ("SSR") 02-1p,

3

2000 WL 628049 *1, *3. Moreover, SSR 02-1p provides that "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* at *1. Under SSR 02-1p, the Social Security Administration will find that an individual equals a listing "if an individual has multiple impairments, including obesity, no one of which meets or equals the requirements of a listing, but the combination of impairments is equivalent in severity to a listed impairment." *Id.* at *5.

The undersigned believes the Law Judge honored the requirements of SSR 02-1p in evaluating plaintiff's obesity. Initially, the Law Judge found that plaintiff's musculoskeletal disorders, complicated by his obesity, constituted a severe impairment. (R. 25.) He then assessed plaintiff's musculoskeletal impairments, as exacerbated by his obesity, to determine if he met a listed impairment. (R. 26.) The Law Judge found that the evidence did not reveal any of the following: major joint dysfunction; reconstructive surgery or surgical arthrodesis of a major weight bearing joint; nerve root compression accompanied by sensory or reflex loss; spinal arachnoiditis; lumbar spinal stenosis resulting in pseudoclaudication; amputation; non-union of a fracture; or a soft tissue injury under continuing surgical management. (R. 27.) Thus, the Law Judge concluded that plaintiff did not demonstrate that he met the requirements of a musculoskeletal impairment. (*Id.*)

In assessing plaintiff's RFC, the Law Judge found that the combination of his musculoskeletal impairments and obesity would be expected to preclude him from performing heavy lifting/carrying and prolonged standing/walking. (R. 25.) This finding restricted plaintiff to a limited range of sedentary work, which involves standing and/or walking about two hours in an eight-hour workday, and sitting up to six hours in an eight-hour workday. (R. 27.)

Unfortunately for plaintiff, there is no medical evidence to establish that plaintiff's obesity places limitations on his ability to perform basic work activities not accounted for in this RFC finding. For instance, plaintiff's primary treating physician opined that there were *no secondary conditions* contributing to his bilateral hip osteoarthritis. (R. 216.) Thus, the undersigned concludes that the Law Judge properly evaluated plaintiff's obesity and its functional effects arising therefrom, when combined with his musculoskeletal impairments in determining his RFC.

Next, plaintiff contends that the Law Judge failed to properly evaluate his subjective complaints of pain and credibility. (Pl's Brief, pp. 16-20.) Plaintiff argues that his medical records corroborate his testimony that his physical limitations prelude him from employment. (Pl's Brief, 16.) Plaintiff specifically contends that his physical impairments are capable of causing the pain of which he has complained, but the Law Judge failed to provide specific reasons that are supported by the record for not deciding to fully credit plaintiff's testimony. (Pl's Brief, pp. 18-20.)

A claimant's subjective complaints of pain must be supported by the objective medical evidence. Craig, 76 F.3d at 591; *Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). However, the evidence need only show the existence of a medical impairment which reasonably could be expected to produce the amount and degree of pain alleged. *Craig,* 76 F.3d at 591; *Johnson*, 434 F.3d at 657.

The Law Judge noted that, although plaintiff had shown that he suffers medically determinable impairments which could be expected to produce the types of symptoms he was alleging, his statements concerning the intensity, persistence and limiting effects of the symptoms

were "not entirely credible." (R. 28.) In support of this finding, the Law Judge noted inconsistencies in plaintiff's statements. (*Id.*) For instance, the Law Judge noted that although plaintiff alleged falling three or four times a day, this was not documented in any of his treatment records. (*Id.*) Also, the Law Judge noted evidence from plaintiff's own treating physician who found that plaintiff's allegations of pain were not consistent with the objective medical evidence and findings derived from that evidence. (R. 28.) The Law Judge further revealed that plaintiff's treatment had been routine and conservative, and he viewed the objective medical findings as support that plaintiff had a greater level of functional ability than he claimed. (R. 29.) Additionally, the Law Judge pointed out an absence of evidence from any treating source suggesting that plaintiff's medical impairments disabled him. (*Id.*) Finally, the Law Judge noted that the record reviewing physicians also corroborated a finding that plaintiff was able to perform a limited level of sedentary work. (*Id.*) The Law Judge's finding that plaintiff is "not entirely credible" is supported by substantial evidence.

Mark J. Warburton. M.D. and his colleague at High Point Orthopaedic and Sports Medicine, Inc. ("HPOSM"), Kenneth C. Lennon, M.D., began treating plaintiff on July 29, 2005. (R. 218-238, 283-289.) Upon plaintiff's final visit to HPOSM on March 8, 2006, plaintiff was seen by Dr. Warburton who opined that plaintiff suffered with degenerative disc disease of the lumbar spine, lumbar radiculopathy, and early degenerative arthritis of the hip. (R. 283.) Dr. Warburton believed that the pain plaintiff purportedly was experiencing was "out of proportion to his physical findings." (*Id.*) Plaintiff was given a ninety days doctor's excuse from work and told to return to the clinic only on an as needed basis. (*Id.*)

William G. Ward, M.D., an orthopaedist at Wake Forest University Baptist Medical

Case 4:08-cv-00015-JLK-BWC   Document 14   Filed 01/07/09   Page 6 of 7   Pageid#: 65

Center, evaluated plaintiff on October 4, 2006. (R. 346-347.) While Dr. Ward could not complete his evaluation because plaintiff walked out, Dr. Ward believed that plaintiff's hip complaints were somewhat "out of proportion to the findings." (R. 347.)

There is substantial evidence to support the Law Judge's conclusion that plaintiff's allegations of disabling pain are out of proportion to the objective medical evidence. Thus, the finding that plaintiff was "not entirely credible" is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

1/7/09
Date

7

Case 4:08-cv-00015-JLK-BWC   Document 14   Filed 01/07/09   Page 7 of 7   Pageid#: 66