IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| JOHN H. MATTHEWS, JR., ) | |
| ) | Case No. 4:08CV00015 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | By: Jackson L. Kiser |
| ) | Senior United States District Judge |
| Defendant. ) | |
| ) | |

Before me is the Report and Recommendation of the United States Magistrate Judge recommending that the Defendant's Motion for Summary Judgment be granted and the Commissioner's final decision be affirmed. The Plaintiff filed objections to the Magistrate's Report and Recommendation. I have reviewed the Magistrate Judge's recommendation, Plaintiff's objections, and relevant portions of the record. The matter is now ripe for decision. For the reasons stated below, I will **ADOPT** the Magistrate's Report and Recommendation and **GRANT** the Defendant's Motion for Summary Judgment. I **AFFIRM** the Commissioner's final decision and **DISMISS** this case from the docket of this Court.

## I.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff John H. Matthews, Jr. ("Plaintiff") filed a Title II application for a period of disability and disability insurance benefits ("DIB") and a Title XVI application for supplemental security income ("SSI") under the Social Security Act on March 1, 2006. In his applications, Plaintiff alleges a disability onset date of September 23, 2005, because of osteoarthritis and degenerative disc disease. (R. 75-77, 382-87.) The state agency denied these applications initially on April 4, 2006, and upon reconsideration on August 11, 2006. (R. 58-63.) Plaintiff

1

timely requested a hearing before an administrative law judge ("ALJ") on September 28, 2006. (R. 391.) The ALJ conducted a hearing on April 19, 2007 at which Plaintiff testified while represented by counsel. (R. 396-416.) A vocational expert was also present and testified at Plaintiff's hearing before the ALJ. (*Id.*)

In a decision issued on May 17, 2007, the ALJ denied Plaintiff's claims for DIB and SSI, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 18-32.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date of September 13, 2005. (R. 20.) The ALJ also concluded that Plaintiff was insured for benefits through March 31, 2007. (*Id.*) Although the ALJ determined that Plaintiff had severe impairments, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met a listed impairment. (R. 26.) The ALJ held that Plaintiff had the residual functional capacity ("RFC") to perform a wide range of sedentary work which allows for an alternate sit/stand option to change positions as needed. (R. 27.) The ALJ concluded that Plaintiff cannot crouch, crawl, or climb ladders, and should avoid hazards such as moving machinery. (*Id.*) However, Plaintiff could stand/walk for about two hours in an eight-hour workday and he could sit up to six hours in an eight-hour workday. (*Id.*) The ALJ found that Plaintiff had no other significant manipulative, visual, communicative or environmental limitations. (*Id.*) The ALJ ultimately concluded that Plaintiff's RFC precluded him from performing his past relevant work, but that other jobs exist in significant numbers in the national economy that he could perform.[1] (R. 30-31.) Thus, the ALJ found that Plaintiff was not disabled. (R. 31.)

---

[1] Plaintiff was born on September 3, 1964 and was forty-one years old on his alleged disability onset date. (R. 30.) Plaintiff's past relevant work consists of work as a carpenter, truck driver, and retail store owner. (*Id.*)

The ALJ noted that the medical evidence did not reveal any major joint dysfunction, reconstructive surgery or surgical arthrodesis of a major weight bearing joint, nerve root compression accompanied by sensory or reflex loss, spinal arachnoiditis, lumbar spinal stenosis resulting in psudoclaudication, amputation, non-union of a fracture, or a soft tissue injury under continuing surgical management. (R. 27.) After assessing Plaintiff's musculoskeletal disorders, as exacerbated by his obesity, the ALJ concluded that Plaintiff did not demonstrate that he met the requirements of a musculoskeletal impairment. (*Id.*) The ALJ also found that the combination Plaintiff's musculoskeletal impairments and obesity would be expected to preclude him from performing heavy lifting/carrying and prolonged standing/walking. (R. 25.)

The ALJ also found that although Plaintiff's medically determinable impairments could reasonably be expected to produce the alleged symptoms of pain, his statements concerning the intensity, persistence, and limiting effects of the symptoms were "not entirely credible." (R. 28.) The ALJ noted that there were inconsistencies in Plaintiff's statements regarding his disabling pain which detracted from his credibility. (*Id.*) For example, Plaintiff's allegations that he falls three or four times a day are not documented in any of the treatment records. (*Id.*) The ALJ also noted that Plaintiff's treating physician, Dr. Mark J. Warburton, M.D., found that Plaintiff's allegations of pain were "out of proportion" to the physical findings and not consistent with the objective medical evidence. (*Id.*) The ALJ opined that Plaintiff's treatment has been relatively routine and conservative overall, and he viewed the objective medical findings as support that Plaintiff had a greater level of functional ability than he claimed.[2] (R. 29.)

Plaintiff followed the administrative procedures and appealed the ALJ's decision to the

---

[2] The ALJ also noted that as for the opinion evidence, no treating physician indicated that the Plaintiff is disabled from all work, only that he is unable to work as a construction worker. (R. 29.)

Appeals Council, which denied review and adopted the ALJ's decision as the final decision of the Commissioner. (R. 6-9, 13-14.) At this point, the Commissioner's decision became final, and Plaintiff filed this action in the United States District Court for the Western District of Virginia on May 7, 2008. This case was assigned to Magistrate Judge B. Waugh Crigler, who issued his Report and Recommendation on January 7, 2009, after considering motions for summary judgment filed by both parties. Magistrate Judge Crigler recommended that Defendant's Motion for Summary Judgment be granted and the Commissioner's final decision be affirmed, on the grounds that the ALJ correctly evaluated Plaintiff's obesity and its functional effects when determining his RFC. The Magistrate Judge also found that the ALJ's conclusion that Plaintiff's allegations of disabling pain are out of proportion to the objective medical evidence is supported by substantial evidence. Plaintiff timely filed his objections to the Magistrate Judge's recommendation, arguing that the ALJ failed to properly consider the functional effects of Plaintiff's obesity. The Plaintiff also contends that substantial evidence does not support the ALJ's finding that Plaintiff's complaints of disabling pain are out of proportion to the objective medical evidence and are not credible.

## II.     STANDARD OF REVIEW

Congress has limited judicial review of decisions by the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. 42 U.S.C. § 405(g); *see also Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (*quoting Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial

4

evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984). The regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527 and 416.927. If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642.

### III.     DISCUSSION

Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ properly evaluated Plaintiff's obesity and failed to perform an explicit analysis of his obesity when determining his RFC. Plaintiff also contends that the Magistrate Judge erred in concluding that there is substantial evidence to support the ALJ's finding that Plaintiff's allegations of disabling pain are out of proportion with the objective medical evidence and are not credible. The Defendant argues that the Magistrate Judge's recommendation should be adopted because the ALJ properly evaluated Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 02-1p and properly considered his obesity in determining is RFC. The Defendant also argues that the Magistrate Judge was correct in his conclusion that substantial evidence supports the ALJ's finding that Plaintiff's allegations of disabling pain are not credible.

As the standard of review requires, I am precluded from judging the evidence in this case in the way a finder of fact would, and instead must review the record before this Court and determine whether substantial evidence supports the decision of the Commissioner. For the

5

reasons given here, I will adopt the Report and Recommendation of Magistrate Judge Crigler. I find that the ALJ properly evaluated Plaintiff's obesity in assessing Plaintiff's functional capacity. I also find that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints of disabling pain are not entirely credible.

Although obesity is no longer a listed impairment, it is still considered a "medically determinable impairment," the effects of which must be considered when evaluating a disability, including the severity of an individual's impairments. SSR 02-1p, 2000 WL 628049, at *1, *3. SSR 02-1p specifically ensures that obesity is still addressed in the listings and that obesity is considered not only under the listings, but also in assessing a claim during other steps in the sequential evaluation process, including when assessing an individual's residual functional capacity. *Id.* at *1. Because there is no listing for obesity, an individual with obesity meets the requirements of a listing if: (1) he has another impairment that, by itself, meets the requirements of a listing; or (2) if an impairment, in combination with obesity, meets the requirements of a listing. *Id.* at *5. Obesity in combination with other impairments may or may not increase the severity or functional limitations of the other impairments and each case will be evaluated on the information in the case record. *Id.*

I agree with the Magistrate's finding that the ALJ honored the requirements of SSR 02-1p in evaluating Plaintiff's obesity. During the sequential evaluation process, the ALJ determined that Plaintiff's musculoskeletal disorders, complicated by obesity, satisfied the standard required to establish a severe impairment. (R. 25.) However, the ALJ performed a thorough analysis of his musculoskeletal impairments, in combination with his obesity, and determined that he did not have an impairment or combination of impairments that met or

6

Case 4:08-cv-00015-JLK-BWC Document 17 Filed 02/27/09 Page 6 of 9 Pageid#: 83

medically equaled one of the listed impairments.[3] (R. 26.) I also agree that the ALJ properly evaluated Plaintiff's obesity in assessing his residual functional capacity. The ALJ noted that Plaintiff's musculoskeletal disorders, in combination with his obesity, would be expected "to preclude heavy lifting/carrying and prolonged standing/walking." (R. 25.) After considering the entire record, the ALJ found that Plaintiff had the RFC "to perform a wide range of work at the sedentary level of exertion."[4] (R. 27.) The ALJ restricted Plaintiff to sedentary work that allows him to alternate between sitting and standing positions as needed, avoid hazards such as moving machinery and unprotected heights, and avoid postural movements such as crouching or crawling. At the April 19, 2007 hearing, the vocational expert identified a number of sedentary jobs that Plaintiff could perform with his functional limitations.[5] Thus, the ALJ accounted for the limitations arising from Plaintiff's obesity, in combination with his musculoskeletal impairments, in determining his RFC.

Finally, Plaintiff contends that Magistrate Judge Crigler erred in concluding the ALJ properly evaluated Plaintiff's subjective complaints of pain and credibility. He argues that his complaints of debilitating pain have been consistent since his alleged onset date and are well documented in the medical records. Thus, the ALJ failed to properly consider all the medical evidence in Plaintiff's record and erred in concluding that Plaintiff's allegations regarding his

---

[3] The ALJ specifically stated in his decision that "[s]pecific attention was paid to section 1.00 of the medical listings for musculoskeletal impairments. Also considered were the effects of obesity, pursuant to the Regulations." (R. 26.)

[4] Plaintiff argues that the ALJ failed to explicitly perform any detailed analysis involving obesity. He notes that there is no mention of obesity in the ALJ's decision where the ALJ determines Plaintiff's RFC. However, I agree with the Magistrate's recommendation that there is no medical evidence to establish that Plaintiff's obesity places limitations on his ability to perform entry-level work activities not accounted for in the ALJ's functional capacity finding.

[5] The vocational expert identified several entry-level jobs found in significant numbers in the national economy that Plaintiff could perform including: a sedentary cashier, a security monitor or surveillance person, and a telemarketer. (R. 412-13.)

disabling pain were not fully credible. The Defendant counters that the ALJ's finding that Plaintiff's subjective complaints of pain were not entirely credible is supported by substantial evidence.

I agree with the Magistrate's recommendation that the ALJ's finding that Plaintiff's subjective complaints were not entirely credible is supported by substantial evidence. The Fourth Circuit has held that a claimant's subjective complaints of pain must be supported by the objective medical evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 657 (4th Cir. 2005). The ALJ noted that while Plaintiff suffers from medically determinable impairments which could reasonably be expected to produce the types of symptoms alleged, his statements concerning the intensity, persistence and limiting effects of the symptoms were "not entirely credible." (R. 28.) The ALJ found many inconsistencies in Plaintiff's statements which undermined his credibility regarding his subjective complaints including: (1) although Plaintiff alleged falling three or four times a day, this was not documented in any of his treatment records; (2) evidence from Plaintiff's treating physicians shows Plaintiff's complaints of pain were not consistent with the objective medical evidence; (3) Plaintiff's treatment had been routine and conservative and the objective medical findings support Plaintiff had a greater functional capacity than he claimed; and (4) the physicians reviewing Plaintiff's medical records corroborated a finding that Plaintiff was able to perform a limited level of sedentary work. (R. 28-29.)

Indeed, Plaintiff's treating physician, Dr. Walburton, stated that Plaintiff's complaints of pain were "out of proportion to his physical findings." (R. 363.) Similarly, Dr. William G. Ward, M.D., an orthopaedic specialist at Wake Forest University Medical Center, evaluated Plaintiff and opined that Plaintiff's "hip complaints were somewhat out of proportion" to his

8

findings.[6] (R. 347.) Dr. Ward also noted that Plaintiff's discussions in the clinic were more concerned with his work status and being on disability than improving his condition and that Plaintiff had an inordinate amount of interest in his disability status. (R. 346.) Plaintiff's laboratory studies were entirely unremarkable and showed no evidence of significant arthritis. (R. 287.) Plaintiff's MRIs showed nothing more than degenerative changes and he had no clear neurological deficit. (R. 191, 213-15.) The ALJ, as the finder of fact, assessed the credibility of Plaintiff's subjective complaints of disabling pain in context with all the other evidence before him. I conclude there is substantial evidence to support the ALJ's finding that Plaintiff's subjective complaints of pain are out of proportion to the medical evidence and not entirely credible.

## IV. CONCLUSION

For the reasons stated above, I will **ADOPT** the Magistrate Judge's Report and Recommendation and **DENY** the Plaintiff's objections. I will **GRANT** the Defendant's Motion for Summary Judgment and **AFFIRM** the Commissioner's final decision. This case shall be **DISMISSED** from the active docket of this Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 27th day of February, 2009.

s/Jackson L. Kiser<br>
Senior United States District Judge

---

[6] It is noteworthy that Plaintiff left Dr. Ward's office before Dr. Ward was able to complete a full evaluation.